UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY Q. KENT,

    Petitioner,

v.                                                      CASE NO. 6:10-cv-542-Orl-36GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges one claim for relief in his petition, counsel rendered ineffective assistance by failing to obtain a psychiatric examination of Petitioner to demonstrate he was incompetent. As discussed hereinafter, the Court concludes that the petition is untimely and must be dismissed.

### I.    *Procedural History*

Petitioner entered pleas of guilty and no contest respectively in case numbers 05-cf-57249 to lewd and lascivious battery and in case number 05-cf-57521 to attempted sexual

battery of a person less than twelve years of age. On October 20, 2006, the trial court sentenced Petitioner to a fifteen-year term of imprisonment for the attempted sexual battery conviction to be followed by fifteen years of sex offender probation and to a concurrent fifteen-year term of sex offender probation for the lewd and lascivious battery conviction. Petitioner did not appeal.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on October 22, 2007.[1] The state court summarily denied the motion on February 28, 2008. Petitioner subsequently filed a petition for belated appeal in the Fifth District Court of Appeal of Florida, which granted the petition on May 1, 2009. The Fifth District Court of Appeal of Florida subsequently affirmed the trial court's denial of Petitioner's Rule 3.850 motion on July 14, 2009. Mandate was issued on August 5, 2009.

## II.   *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgments are dated October 20, 2006. He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Because Petitioner did not file a direct appeal, his convictions became final on November 19, 2006, thirty days after the written sentences were rendered. Thus, he had through November 19, 2007, absent any tolling, to file his § 2254 petition.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceeding. Assuming that Petitioner's Rule 3.850 motion was properly filed, the time was tolled from October 22, 2007, through March 30,

3

2008, when the time for filing an appeal from the denial of the motion expired. A total of 337 days of the one-year period had expired before Petitioner filed his Rule 3.850 motion. Thus, Petitioner had through April 27, 2008 (28 days from March 30, 2008) to file his federal habeas corpus petition. Petitioner, however, filed his habeas corpus petition on April 5, 2010. As such, his petition was not timely filed.[2]

The Court notes that Petitioner has not argued that he is entitled to equitable tolling for any reason. Moreover, assuming that Petitioner was entitled to equitable tolling during the time preceding his appeal of the denial of his Rule 3.850 motion and during his appeal, his petition would still be untimely. Petitioner filed the instant petition 245 days after his Rule 3.850 appeal was final. Thus, substantially more than twenty-eight days elapsed after his Rule 3.850 proceeding was final before he filed his federal petition. Accordingly, the instant petition must be dismissed as untimely.[3]

---

[2]The Court is aware that on approximately February 25, 2009, Petitioner filed a petition for belated appeal of the denial of his Rule 3.850 motion, which was granted. Nevertheless, the Eleventh Circuit has held that the time between the expiration of the period to file an appeal and the filing of a petition for belated appeal does not toll the one-year limitation pursuant to § 2244(d)(2). *McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 253 (11th Cir. 2007) (rejecting "the argument that a state post-conviction motion remains 'pending' after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal"); *see also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that "[a] state application [petition for belated appeal] filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition"). Therefore, the time for filing the instant petition was not tolled from March 30, 2008, through May 1, 2009, when the state appellate court granted Petitioner's petition for belated appeal.

[3]The Court further notes that Petitioner has not alleged or demonstrated that his mental health entitles him to equitable tolling. The state court concluded that Petitioner

4

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot

---

was not incompetent at the time of his plea based on his interaction with the court and his attorney. The state court's determination is objectively reasonable in light of the evidence presented. Furthermore, there is no evidence that Petitioner's mental health prevented him from pursuing any legal course available to him pursuant to state or federal law.

show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of January, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

OrlP-1 1/13

Jeremy Kent

Counsel of Record